Dirk Lynn RUFF, Plaintiff-Appellant,

v.

MEMPHIS LIGHT, GAS AND WATER
DIV., Defendant-Appellee.

Dirk Lynn RUFF, for the Use and Benefit of CONTINENTAL INSURANCE
COMPANY, Plaintiff-Appellant,

v.

MEMPHIS LIGHT, GAS AND WATER
DIVISION, Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

April 24, 1981.

Permission to Appeal Denied by Supreme
Court July 13, 1981.

John R. Johnson III and Harvey L. Gibson, Memphis, for plaintiff-appellant.

Leo Bearman, Sr., Charlotte A. Knight, and William B. Bell, Jr., Memphis, for defendant-appellee.

MATHERNE, Judge.

The plaintiff Dirk Lynn Ruff was employed as an apprentice sign painter by Eller Outdoor Advertising Company in Memphis, Tennessee. In the course of his employment, he and a fellow employee were sent to post a sign on a certain billboard at 2263 Lamar in that city. After completing the job of posting the sign, Ruff was attempting to remove a 20-foot-long portable aluminum scaffold from the billboard, when the scaffold came in contact with the defendant's uninsulated primary wire carrying 7200 volts of electricity. Ruff was severely injured by the resulting electric shock to his body.

Eller's workers' compensation carrier, Continental Insurance Company, paid medical expenses, temporary total and permanent partial benefits to Ruff, and then sued M.L.G.&W. pursuant to the Tennessee Governmental Tort Liability Act to recover its subrogation interest. The plaintiff Ruff also sued M.L.G.&W. for damages in excess of the workers' compensation awarded to him and for punitive damages. The two

lawsuits were consolidated for trial and on appeal.

After hearing all the proof, the trial judge, sitting without a jury as required by the Tennessee Governmental Tort Liability Act, held that the plaintiffs failed to prove negligence on the part of M.L.G.&W., and that the plaintiff Ruff was guilty of proximate negligence which caused his own injuries and damages. Both lawsuits were dismissed, and the plaintiffs appealed.

The billboard had a permanent catwalk constructed thereon about 20 feet above the ground. The plaintiff Ruff and his fellow employee climbed to this catwalk by ladder and then attached their portable aluminum scaffold to the structure above the catwalk. They posted the sign while standing on the portable scaffold. While standing on the permanent catwalk after completing the work, Ruff reached up and unhooked the portable scaffold which weighed about 30 pounds and swung it around in an effort to take it down. While being swung around, the portable scaffold came up under the primary electric wire and made contact.

The wire in question was 26 feet above the ground and six and one half feet horizontally from the permanent catwalk. These distances from the ground and from the billboard exceed the requirements of the then National Electrical Code for an uninsulated primary wire carrying 7200 volts of electricity.

The plaintiffs argue that because another worker on this same billboard was injured by this same wire about two years prior to this accident, the defendant was negligent in not moving the wire or insulating the wire. The plaintiffs also argue that the defendant should have placed warning signs on the poles.

The plaintiff Ruff testified that he knew the wire was there, he saw it, he knew it was an electric wire and that it was dangerous, and he did not think the portable scaffold would touch the wire as he swung it around. He also stated that he thought the wire was insulated. The plaintiff did not know of the prior injury suffered from the wire, and he received no warning from his employer.

■ At the outset, we point out that this is not an appeal from a directed verdict in favor of the defendant. The trial judge found the facts and entered judgment in favor of the defendant. In this type situation, this court, on appeal, will review the record in the trial court *de novo* with a presumption that findings of fact by the trial judge are correct unless the evidence preponderates otherwise. T.C.A. § 27–3–103.

■ The plaintiffs rely heavily upon *Kingsport Utilities v. Brown* (1957), 201 Tenn. 393, 299 S.W.2d 656. In that case the defendant's high tension wire was contacted by a boom on a crane which was being used to move heavy machinery in an alley of the city where much construction work was being carried on. The injured plaintiffs argued that under these conditions the utility was negligent in (1) failing to insulate the wires, (2) failing to have them a sufficient height above the surface to avoid contact with machinery or equipment such as a crane boom, (3) failing to give warning of the dangerous nature of the wires, and the utility had reasonable grounds to anticipate that persons might be working with or around machinery which might place them in contact with the wires. The jury found for the injured plaintiffs, and the court of appeals affirmed. On petition for certiorari the Supreme Court denied the writ, and held:

It does seem, therefore, that it is at least a question of fact about which the minds of reasonable men might differ as to whether a utility is negligent in having such high-powered voltage in lines uninsulated, running through the business section of towns. Of course the law does not require that all lines be insulated at any particular place but only where persons are likely to be and have a right to be, for business, pleasure or otherwise. Judge Felts has covered the question of foreseeability in his opinion in *Spivey v. St. Thomas Hospital*, 31 Tenn.App. 12, 211 S.W.2d 450.

It is important to note that the Supreme Court did not hold that the utility was negligent. It held that the issue of negligence was for the jury and upheld the finding of fact as made by that body. In the case at bar, the trial judge was the finder of fact and held that the defendant was not negligent, but that the negligence of the plaintiff Ruff was the proximate cause of his own injuries and damages.

The plaintiffs also rely upon the case of *Guess v. Light, Gas & Water Div. of City of Memphis* (1965) 55 Tenn.App. 558, 403 S.W.2d 115. We note that in *Guess* the court of appeals did not find negligence on the part of the utility. There the court reviewed a directed verdict in favor of the utility and reversed because the record presented a factual issue for the jury. Here we review a finding of fact by the trial judge.

The plaintiffs' argument that the defendant was guilty of gross negligence which excuses the ordinary negligence of Ruff is misplaced. This court considered that issue in the case of *Odum v. Haynes* (Tenn.App. 1972) 494 S.W.2d 795, and held:

> We do not agree with the conclusion of counsel that if the utility company failed to erect the system in the safest manner conceivable that such failure would constitute gross negligence. However, it is true that if the utility company failed to conceive the safest manner of construction of the electrical distribution system under all the circumstances, they may have been guilty of ordinary negligence and the jury in this case was charged to that effect. However such failure by the utility company would not constitute gross negligence. Gross negligence is not characterized by inadvertence. It is a negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law.

We conclude that, under the record, the evidence does not preponderate against the holding of the trial judge and his judgment is affirmed. The cost in this court is adjudged against the plaintiffs-appellants for which execution may issue, if necessary.

NEARN and SUMMERS, JJ., concur.